UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| vs. | :     CRIMINAL NO. 3:02CR72(AWT) |
| LAVAR JACKSON | :     June 17, 2008 |

## DEFENDANT'S MOTION TO TRANSFER

Lavar Jackson, through counsel, moves to transfer the above-captioned matter to the docket of the Hon. Christopher F. Droney, United States District Judge, to consolidate it with United States v. Lavar Jackson, 3:08CR103(CFD). The basis of this motion is as follows. Mr. Jackson pled guilty in the above-captioned matter to conspiracy to possess with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. §§ 846 and 841(b)(1)(B)(iii). That plea exposed him to a sentence of, inter alia, four years to life on supervised release upon the completion of any term of imprisonment. On July 25, 2003, Mr. Jackson was sentenced to a term of imprisonment of 77 months to be followed by five years of supervised release. While still serving the imprisonment portion of the sentence, Mr. Jackson was transferred to a halfway house in Hartford. Mr. Jackson absconded from the halfway house and was thereafter apprehended. He is charged in United States v. Lavar Jackson, 3:08CR103(CFD) with escape in violation 18 U.S.C. § 751. He has pled guilty to that charge and is awaiting sentencing. He is still in custody by virtue of the sentence imposed in 3:02CR72(AWT) and hence has not commenced the term of supervised release imposed in that matter.

A violation of 18 U.S.C. § 751 carries a maximum term of imprisonment of five years and a maximum term of supervised release of three years. The term of supervised release imposed in 3:08CR103(CFD), by operation of 18 U.S.C. §3624(e), must be concurrent with the term of supervised release imposed in 3:02CR72(AWT). See United States v. Sash, 396 F.3d 515, 525 (2d Cir. 2005). Therefore, the terms of supervised release in both cases will merge and eventually Mr. Jackson will commence a single term of supervised release from both cases.

Per 18 U.S.C. § 3583 and Federal Rule of Criminal Procedure 32.1, "the Court" can (1) determine and impose appropriate conditions of supervised release at the time of sentencing, (2) modify

- 2 -

conditions of supervised release as changes of circumstances develop which make such modifications appropriate, (3) extend the term of supervision if circumstances so warrant, and, as in 3:02CR72(AWT), less than the maximum term has been imposed, or (4) terminate supervision if circumstances so warrant. Mr. Jackson is moving to transfer 3:02CR72(AWT) to consolidate it with 3:08CR103(CFD) in order to facilitate the efficient administration of justice by placing the considerations for the implementation of 18 U.S.C. § 3583 and Federal Rule of Criminal Procedure 32.1 within the unitary discretion of one judicial officer. Counsel for the Government is not opposed to this request.

Respectfully submitted,

THE DEFENDANT,
Lavar Jackson

THOMAS G. DENNIS
FEDERAL DEFENDER

Dated: June 17, 2008         /s/_____
Gary D. Weinberger
Assistant Federal Defender
10 Columbus Blvd, 6th FL
Hartford, CT 06106
Phone: (860) 493-6260
Bar No.: ct05085
Email: gary.weinberger@fd.org

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion has been delivered to Michael Gustafson, Assistant United States Attorney, Federal Building, 450 Main Street, Hartford, CT 06103, on this 17 day of June 2008.

/s/_____
Gary D. Weinberger